United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 16-20575-Scola |
| | ) | |
| Yina Maria Castaneda Benavidez, | ) | |
| Defendant. | ) | |

### Order Denying Motion for Compassionate Release

Before the Court is Defendant Yina Maria Castaneda Benavidez's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court has also considered the Government's response to that motion. (ECF No. 564.) For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 559**).

In October 2019, Castaneda Benavidez was convicted, by a jury, of a conspiracy to distribute more than five kilograms of cocaine, knowing that it would be unlawfully imported into the United States. At sentencing, the Court found Castaneda Benavidez responsible for at least 629 kilograms of cocaine and assessed her a three-level enhancement for being an organizer and leader of the conspiracy. Although her resulting guideline range was 324 to 405 months' imprisonment, the Court sentenced her to 270 months. Castaneda Benavidez's projected release date is December 2035. She has, therefore, completed but a small fraction of her sentence.

The Government does not dispute that Castaneda Benavidez exhausted her administrative remedies. Nonetheless, as set forth below, the Court finds release according to 18 U.S.C. § 3582(c)(1)(A)(i) is not appropriate in this case for the following reasons.

First, Castaneda Benavidez's has not met her burden of showing "extraordinary and compelling reasons" supporting her release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65. Castaneda Benavidez is only forty-two years old, being treated for or diagnosed with hypertension and asthma. As the Government points out, and as Castaneda Benavidez's health records reflect, these conditions are well controlled, with medications' being provided by her institution. Castaneda Benavidez is fully ambulatory and engages in all normal activities of daily living. Accordingly, the Court finds she has not identified a

medical condition that renders her at a particularly high risk of severe illness from COVID-19. Even more importantly, however, Castaneda Benavidez has refused her institution's offering of the Pfizer COVID-19 vaccine. She has no known contraindications for the vaccine. And, so, based on her refusal of the vaccine alone, a finding of extraordinary and compelling circumstances is unwarranted. *See, e.g., United States v. Austin*, 15-20609, 2021 WL 1137987, at \*2 (E.D. Mich. Mar. 25, 2021) ("A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination.")

Nor does Castaneda Benavidez's possible breast cancer qualify as an extraordinary or compelling circumstance. Contrary to her allegations, Castaneda Benavidez received a second ultrasound and a mammogram in September 2020. Based on those studies, a doctor concluded an invasive medical procedure is unnecessary and that the detected masses are benign. Castaneda Benavidez's medical records also indicate there would be multiple risks and potential complications associated with a biopsy of the area. Accordingly, the Court does not find that this condition qualifies as a circumstance warranting immediate release. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for a defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Second, even if Castaneda Benavidez had shown extraordinary and compelling reasons in favor of her release, she did not demonstrate that the § 3553 factors weigh in favor of her release. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, the Court must consider the § 3553(a) factors, as applicable, as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

While there is no evidence of acts of violence by Castaneda Benavidez, related to her conviction, she nonetheless trafficked in a large amount of cocaine that made its way to the streets of the United States. And, when presented with an opportunity to take responsibility for her crimes, she declined. Most importantly, in light of how little of her sentence she has served, granting Castaneda Benavidez an immediate release would not promote respect for the law, provide just punishment for her offense, or afford adequate deterrence. In short, releasing Castaneda Benavidez now is not consistent with promoting respect for the law or the § 3553 factors.

On the other hand, and noting the Government's agreement, the Court once again urges BOP to take all appropriate measures to treat all of

Castaneda Benavidez's medical conditions, including any appropriate diagnostic procedures to rule out and/or address her breast-cancer concerns.

Accordingly, the Court **denies** Castaneda Benavidez's motion for compassionate release, in large part, granting it only to the extent the Court urges the care addressed in the previous paragraph. (**ECF No. 559**).

**Done and ordered** at Miami, Florida, on June 24, 2021.

Robert N. Scola, Jr.
United States District Judge