United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 16-20575-Scola |
| | ) |
| Yina Maria Castaneda Benavidez, | ) |
| Defendant. | ) |

### Order Denying Motion for Reduction of Sentence

    This matter is before the Court upon Defendant Yina Maria Castaneda Benavidez's fourth motion to reduce her sentence. (Def.'s Mot., ECF No. 605.) In her previous three motions, Castaneda Benavidez sought compassionate release through the First Step Act, as provided for under 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 559, 576, 578.) Castaneda Benavidez now seeks a sentence reduction primarily under Amendment 821 to 18 U.S.C. § 3582(c)(2). The Government has responded to Castaneda Benavidez's motion (Gov't's Resp., ECF No. 609), but she has not replied and the time to do so has passed. For the reasons set forth below, the Court **denies** the Defendant's motion. (**ECF No. 605**.)

1. **Background**

    In October 2019, Castaneda Benavidez was convicted, by a jury, of a conspiracy to distribute more than five kilograms of cocaine, knowing that it would be unlawfully imported into the United States. At sentencing, the Court found Castaneda Benavidez responsible for at least 629 kilograms of cocaine and assessed a three-level enhancement for her being an organizer and leader of the conspiracy. Although her resulting guideline range was 324 to 405 months' imprisonment, the Court sentenced her, below the guidelines, to 270 months. Her projected release date is December 6, 2035. (Gov't's Resp. at 3.) She has, therefore, completed but a fraction of her sentence. Castaneda Benavidez appealed her conviction and sentence, both of which were affirmed by the Eleventh Circuit on May 21, 2021. (ECF No. 573.) Subsequently, Castaneda Benavidez filed a petition for certiorari, which was denied. (ECF No. 575.) Castaneda Benavidez has moved previously for compassionate release under 18 U.S.C. § 3582(c)(1)(A), twice through counsel and once pro se. (ECF Nos. 559, 576, 578.) The Court has denied all three motions.

    Since Castaneda Benavidez was sentenced, the United States Sentencing Commission issued sentencing adjustments for certain offenders that lower

various guidelines ("Amendment 821"). Part A of Amendment 821 reduces the number of status points added to a defendant's criminal history score if she commits an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/ 202305-Crim-Hist-Amdt-Retro.pdf.

Part B, on the other hand, affords a sentencing adjustment for certain zero-point offenders, providing, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Amendment 821, Part B.

Castaneda Benavidez now seeks retroactive application of both Parts A and B of Amendment 821 to her sentence.

### 1. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and

whether a reduction is consistent with the applicable policy statements. Second, if both conditions are met, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, should they become relevant, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 2. Analysis

As noted, Castaneda Benavidez invokes reductions under both Part A (as to status points) and Part B (as to zero-point offenders) of Amendment 821. To start, Part A is not applicable here because Castaneda Benavidez did not have a prior criminal history and therefore did not receive any status points at sentencing.

As to Part B, a defendant is eligible for a two-level reduction in her offense level, only if she is a zero-point point offender and meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, Castaneda Benavidez fails to meet the tenth criterion because she received a three-level enhancement for her role in the offense under § 3B1.1. (Gov't's Resp. at 6.) Section (10) disqualifies defendants who *either* received "an adjustment under § 3B1.1 (Aggravating Role)" *or* were "engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See United States v. Castaneda Mendez*, 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) (Ruiz, J.) ("Section 4C1.1(a)(10) disqualifies *two* sets of defendants: those who receive an aggravating role enhancement and those who engaged in a continuing criminal enterprise.") (citing, among other cases, *United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (en banc) for the proposition that "where the word 'and' conjoins several negative phrases, each negative phrase is a separate requirement"). Accordingly, Castaneda Benavidez is also ineligible for a sentence reduction under Part B.

Further, even if Castaneda Benavidez were eligible for a sentence reduction under Amendment 821, as the Court has concluded previously, the § 3553(a) factors do not weigh in her favor. (*See* ECF Nos. 565, 586.) The only significant aspect of those prior analyses that has changed is that she now, for the first time, has accepted responsibility for her actions. (Def.'s Mot. at 2.) However, even in doing so, she falsely claims that she "unequivocally accepts responsibility for her criminal conduct *as she has done since day one in this case.*" (*Id.* (emphasis added).) This is untrue: not only did Castaneda Benavidez not accept responsibility since day one, but she also she affirmatively and consistently claimed that she was being framed in spite of overwhelming evidence against her—consisting mostly of recorded phone conversations, in

some of which she identified herself by name, address, phone number, and cedula number. As a result of her protestations, the Court appointed three different attorneys and authorized payment for an investigator who travelled to Colombia—all of which was pointless. Nonetheless, the Court afforded her the opportunity to accept responsibility at sentencing to receive a two-level reduction, after losing her jury trial, and she still refused.

Lastly, and aside from the § 3553(a) factors, to the extent Castaneda Benavidez once again seeks compassionate release based on her medical conditions, nothing has significantly changed since her last motion which would establish extraordinary and compelling circumstances.

### 3. Conclusion

For the reasons set forth above, the Court **denies** Castaneda Benavidez's motion for a reduction of her sentence (Def.'s Mot., **ECF No. 605**).

**Done and ordered** in Miami, Florida, on August 29, 2024.

_____
Robert N. Scola, Jr.
United States District Judge